# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 387 | **DATE** | 3/22/2011 |
| **CASE TITLE** | Fox Valley Construction Workers Fringe Benefit Funds et al v. Lamberti Concrete Co., Inc., | | |

**DOCKET ENTRY TEXT**

Motion by Plaintiffs Fox Valley Construction Workers Fringe Benefit Funds, Michael T Kucharski, Lake County Plasterers and Cement Masons Fringe Benefit Funds for summary judgment [30] is granted. Accordingly, judgment in the amount of $210,536.40 is entered in favor of plaintiffs and against defendants.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiffs, Fox Valley Construction Workers Fringe Benefit Funds, et al. ("plaintiffs" or "the Funds"), filed the instant lawsuit pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132 and 1145 ("ERISA"), against defendant, Lamberti Concrete Co., Inc. ("the Company"), seeking to recover delinquent contributions and other unpaid sums. Currently before me is plaintiffs' motion for summary judgment. Defendant has failed to respond to the motion. Accordingly, under Local Rule 56.1, I depart from the customary practice of construing facts in the light most favorable to the non-moving party, and instead admit all properly supported facts set forth in the plaintiffs' 56.1(a)(3) Statement. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

The following facts and claims are undisputed: the Company is an "Employer" within the meaning of ERISA; the Funds are "employee benefit welfare plans" and "plans" within the meaning of ERISA; under the collective bargaining agreement and the Agreements and Declarations of Trust ("Trust Agreements") entered into by the Company, the Company is required obligated to report and pay fringe benefit contributions to the Funds. According to the Memorandum of Agreement ("Agreement") entered into by the Company and John P. Lamberti ("Lamberti"), Lamberti is an officer of the Company and has agreed to be personally liable to the Funds for violations of the Trust Agreements.

The record shows that the Company has failed to make various payments

since 2001. Specifically, the Company failed to pay $30,191.93 for the period from July 1, 2001 through December 31, 2005; $139,324.68 in contributions from January 1, 2006 through April 30, 2009; $37,368.90 for the period from June 2009 through December 2009. In addition, check stubs received by the funds from the Company's employees indicate that the Company failed to play an additional $312.78 in contributions. Under the Trust Agreements, plaintiffs are entitled to liquidated damages in the amount of $9,952.62. They are also entitled to auditing fees in the amount of $2,988.25 and interest calculated (as of February 28, 2010) in the amount of $55,056.66 in interest. In August 2009, the Company made a payment of $64,659.42. After making the necessary calculations, the total comes to $210,536.40. Under ERISA, the defendants (both the Company and Lamberti) are liable for this amount. The plaintiffs' motion for summary judgment is granted.

I note that plaintiffs' motion seeks $210,612.05, which is $75.65 more than I have awarded. In the documents submitted by plaintiff, an error appears to have been made in calculating the subtotals for the amounts due Fox Valley Funds. When the figures for the Fox Valley Fund are added, the amount due is $126,357.27, not, as plaintiffs have it, $126,432.92.